# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 20CR1566-DMS |
| Plaintiff, | |
| v. | **PROTECTIVE ORDER** |
| CHARLES RONALD GREEN, JR. (1), MELINDA ELIZABETH GREEN (2), | |
| Defendants. | |

Pursuant to the unopposed motion of the United States, and good cause appearing therefor, **IT IS HEREBY ORDERED**:

1.     The United States is authorized to disclose grand jury matters to the litigative teams (counsel, paralegals, investigators, litigation support personnel, the defendant/client, and representatives of the defendant/client) representing the criminal defendants and the ILWU-PMA Welfare Plan (hereinafter "Litigative Teams"), "preliminarily to or in connection with a judicial proceeding," that is, the forthcoming Restitution Hearing, pursuant to Fed. R. Crim. P. 6(e)(3)(E)(i).

2.     Discovery produced by the United States in this case shall be used by the Litigative Teams solely in this case, and for no other purpose, including civil actions, regulatory proceedings, or other criminal cases.

3.   The Litigative Teams shall be prohibited from distributing, disseminating, disclosing or exhibiting discovery materials to any person who is not a part of the team for any purpose other than in connection with the Restitution Hearing; including, unless such material is already a matter of public record, to representatives of the media or other third parties not involved in any way in the investigation or prosecution of the case.

4.   The Litigative Teams shall take all reasonable steps to: (a) maintain the confidentiality of the discovery, and (b) safeguard the discovery produced in this case from disclosure to or review by any third party.

5.   Pleadings filed during the investigation of this matter are unsealed, for the limited purpose of providing them to the Litigative Teams in discovery.

6.   The Litigative Teams may show witnesses discovery materials as necessary for the preparation of the defense, but shall not to give copies of the materials to witnesses absent further order of the Court, unless the witness also signs a copy of this Protective Order acknowledging its terms and agreeing to comply with them.

7.   To the extent that the any of the above-referenced criminal discovery materials contain any individual's personal information, within the meaning of General Order 514, parties must redact any public filings to prevent public disclosure of such information.

8.   If counsel withdraws or is disqualified from participation in this case, the defense team shall return any discovery produced pursuant to the Order to the United States within 10 days.

9.   The Litigative Teams shall return any and all copies of the discovery to the United States within 90 days of the conclusion of the proceedings in the above-referenced case, including any appeal.

10.   Each counsel of record shall: sign a copy of this Protective Order, acknowledging its terms and agreeing to comply with them; ensure that every member of his/her Litigative Team is advised of the Order and agrees in writing to be bound by its terms; and maintain orders signed by each member of the Litigative Team before giving

that individual access to the discovery.

**IT IS SO ORDERED.**

DATED:  March 25, 2024

Hon. Dana M. Sabraw
Chief United States District Judge

**ACKNOWLEDGEMENT**

I have reviewed the foregoing protective order and agree to be bound by its terms.

DATED:  _____       SIGNED:    _____

                           NAME:      _____

                           ON BEHALF OF: _____